**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GARY LITTLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 11-CV-598-GKF-TLW |
| ) | |
| **JUSTIN JONES, Director;** ) | |
| **DON SUTMILLER, Chief Medical Officer;** ) | |
| **GENESE McCOY, Designee;** ) | |
| **JANE STANDIFIRD, Warden;** ) | |
| **JODY JONES, Medical Administrator;** ) | |
| **DR. BOWLER, Physician;** ) | |
| **BETH WAGENER, PA;** ) | |
| **BOB SILVIS, Chief Nurse,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff appears *pro se* and is proceeding *in forma pauperis*. By Order filed October 20, 2011 (Dkt. # 10), the Court dismissed Defendants Justin Jones, Don Sutmiller, Genese McCoy, and Jane Standifird, and directed service of the complaint (Dkt. # 1) by the United States Marshal as to the remaining defendants. The remaining defendants were directed to file answers and/or dispositive motions within sixty (60) days of service. See Dkt. # 10. Plaintiff was directed to file a response to any dispositive motion within twenty-one (21) days after the filing of the motion. Id.

The record reflects that on February 16, 2012, remaining defendants Jody Jones, Bethany Wagner, Dr. Larry Bowler, and Bob Silvis filed a Special Report (Dkt. # 36) and a motion to dismiss or in the alternative motion for summary judgment and brief in support (Dkt. # 35). Plaintiff requested and was granted an extension of time to file a response. See Dkt. #s 37, 38. His deadline for filing a response to Defendants' dispositive motion was April 9, 2012. See Dkt. # 38. That

deadline passed and Plaintiff failed to file a response. By Order filed June 7, 2012 (Dkt. # 40), the Court directed Plaintiff to file a response to the dispositive motion on or before June 22, 2012. Pursuant to LCvR7.2(f), Plaintiff was admonished that, should he fail to file a response, Defendants' motion may be deemed confessed and the relief requested may be entered. To date, Plaintiff has not filed a response to the motion to dismiss or in the alternative motion for summary judgment and the final response deadline has passed.[1]

The Court has reviewed the Special Report (Dkt. # 36) and the dispositive motion (Dkt. # 35) filed by Defendants. As discussed below, Plaintiff's requests for declaratory and injunctive relief have been rendered moot by his transfer to a different facility and his ultimate discharge from custody. For that reason, Defendants' motion to dismiss shall be granted. The alternative request for summary judgment shall be declared moot.

## *BACKGROUND*

In his complaint (Dkt. # 1), Plaintiff explains that he follows a "vegan vegetarian diet" and suffers from Hepatitis C. He complains that Defendants, all employees of the Oklahoma Department of Corrections (ODOC) and assigned to Dick Conner Correctional Center (DCCC), Hominy, Oklahoma, refused to provide dietary supplements, such as Ensure, En Live, and/or Boost, which he needs to maintain a healthy body weight. Id. He also complains that Defendants refused to monitor his weight with the frequency he believes to be necessary. Id. Based on those facts, he

---

[1] On June 22, 2012, Plaintiff's copy of the Court's Order establishing a final deadline for the filing of a response was returned. The website maintained by the Oklahoma Department of Corrections, www.doc.state.ok.us, shows that Plaintiff discharged his sentence and was released from custody on May 18, 2012. Significantly, Plaintiff was still in custody when Defendants filed their dispositive motion on February 16, 2012. However, he failed to file a response prior to being discharged. Since his discharge, he has failed to keep the Court apprised of his mailing address.

2

claims Defendants have been deliberately indifferent (Count I) and have violated his rights to due process and equal protection (Count II). Id. He seeks injunctive and declaratory relief against the medical staff at DCCC. Id. In response to the complaint, the remaining defendants seeks dismissal, or in the alternative, entry of summary judgment, on the grounds that Plaintiff's requested relief is moot, he failed to exhaust administrative remedies prior to filing his complaint, and his claims fail to state a claim upon which relief may be granted.

*ANALYSIS*

**A. Dismissal Standards**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden

3

of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Plaintiff's requested relief is moot**

As his request for relief, Plaintiff states as follows:

> Plaintiff asserts that he is entitled to Declaratory relief in the form of an order from this Court requiring the Oklahoma Department of Corrections and Jody Jones in particular to have Plaintiff's medical needs competently assessed and place Plaintiff back on the supplements necessary to provide adequate caloric intake.

(Dkt. # 1 at 8). When he filed his complaint, Plaintiff was incarcerated at DCCC, Hominy, Oklahoma. The remaining Defendants are all ODOC employees assigned to DCCC. On February 9, 2012, Plaintiff filed a Notice of Change of Address (Dkt. # 34), reflecting his transfer to Northeast Oklahoma Correctional Center (NOCC), Vinita, Oklahoma. In addition, ODOC's records reflect that Plaintiff has now discharged his sentence and has been released from custody.

"Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot--i.e. where the controversy is no longer live and ongoing." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir.1994), *superseded by statute on other grounds as stated in*

4

Walker v. UPS Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." Facio v. Jones, 929 F.2d 541, 544 (10th Cir.1991).

Plaintiff's transfer of custody from DCCC to another institution and his ultimate release from custody render his requests for declaratory and injunctive relief moot. See Wirsching v. Colorado, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); Love v. Summit County, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot). Accordingly, Defendant's motion to dismiss shall be granted and Plaintiff's claims for injunctive and declaratory relief shall be declared moot. Defendants' alternative request for summary judgment shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendants' motion to dismiss (Dkt. # 35) is **granted**.

2. Defendants' alternative motion for summary judgment (Dkt. # 35) is **declared moot**.

3. Plaintiff's requests for declaratory and injunctive relief (Dkt. # 1) are **declared moot**.

4. This is a final order terminating this action.

5. A separate judgment in favor of Defendants shall be entered.

DATED THIS 27th day of June, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT